IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02522-JLK

**YORK LOPEZ,**

    Plaintiff,

**v.**

**NORTHBROOK INDEMNITY COMPANY,**

    Defendant.

_____

**ORDER**
_____

KANE, J.

    Having reviewed carefully the pending summary judgment motion in this action and the numerous relevant authorities and supplemental filings, I have determined the issues raised are appropriate for oral argument and that oral argument may further a just and appropriate resolution of the matters in dispute. Within three days of the date of this Order, the parties shall confer and place a joint telephone call to my chambers for purposes of scheduling such argument. I expect party representatives with full settlement authority also to be in attendance.

    In anticipation of oral argument, I advise counsel that I will come to the proceedings conflicted on the two issues raised:

    On the one hand, I advise Plaintiff that Judge Nottingham's approach in *Sanford* to the statute of limitations question at issue – expressly endorsed by the Colorado Court of Appeals in *Wagner* – is persuasive and I will apply it here. While I have not arrived at a

final determination of the issue, Defendant's position is strong and to survive summary judgment, Plaintiff must persuade me that his claims accrued on the date Defendant stopped paying Lopez's wage loss benefits on June 23, 2003, rather than on any number of earlier dates on which he was notified he was receiving limited PIP payments that would run out at a particular point under the provisions of the policy.

Concomitantly, however, Defendant is advised that its position on the reformation issue is not strong. It was an insurer's obligation under the operative No-Fault Act at issue both to offer and to prove it offered enhanced or extended PIP benefits to its insured. Here, the facts in the record are not adequate to prove Northbrook's compliance as a matter of law. There is an obvious conflict of interest presented by Ms. Marquez's declaration, which she testified was prepared for her signature by counsel for her insurer. The declaration, moreover, is confounded and potentially contradicted by the telephone transcripts of conversations between the Marquez (and Marquez's mother) and Northbrook agents offered by Plaintiff, which I am not inclined at the summary judgment stage to disregard.

Should the foregoing cause the parties to reassess their relative risks in moving forward such that a referral for settlement is desired, counsel should contact my chambers for a referral.

DATED January 16, 2009.

             *s/John L. Kane*
             **SENIOR U.S. DISTRICT JUDGE**